T.C. Summary Opinion 2004-153


UNITED STATES TAX COURT


STEED WELLS, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19287-03S.              Filed November 8, 2004.


Steed Wells, pro se.

Alex Shlivko, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $1,397 for the taxable year 2001.

The issues for decision are: (1) Whether petitioner is entitled in 2001 to a dependency exemption for his child, Jude Wells (Jude), when his estranged wife also claimed Jude as a dependent for 2001; and (2) whether petitioner is entitled to a child tax credit for Jude in 2001.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Bronx, New York, on the date the petition was filed in this case.

Petitioner timely filed a Federal income tax return for the taxable year 2001. Petitioner claimed single filing status on said return. Petitioner also claimed a dependency exemption and child tax credit for Jude on his 2001 tax return. The return did not contain Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or a similar statement. Both petitioner and his estranged wife, Arlene Wells Kingston (Ms. Kingston), the custodial parent of Jude, claimed Jude as a dependent on their respective 2001 Federal income tax returns.

In 1995, petitioner and his wife, Ms. Kingston, separated and have continued to live separately. On July 1, 1995, Ms. Kingston gave birth to Jude, the couple's child. Jude has lived with Ms. Kingston continuously since his birth. On September 28,

1998, the Family Court of the State of New York issued an order designating Ms. Kingston to be the custodial parent of Jude. In said order, petitioner was required to pay Ms. Kingston $61.40 per week for child support and $39.90 per week for child care expenses. The order was silent as to which parent was to claim a dependency exemption for the child for Federal income tax purposes.

Respondent issued a notice of deficiency to petitioner pertaining to the 2001 taxable year. The notice of deficiency disallowed the dependency exemption for Jude because petitioner failed to establish that he was entitled to a dependency exemption. As a result of the disallowance of the deduction, respondent further determined that petitioner was not entitled to the child tax credit.

## Discussion

A dependency exemption generally is allowed under section 151(a) for each dependent of a taxpayer. Sec. 151(a), (c)(1). In general, a child of a taxpayer is a dependent of the taxpayer only if the taxpayer provides over half of the child's support for the taxable year. Sec. 152(a). A special rule applies to taxpayer-parents (a) who are divorced, who are separated, or who live apart for at least the last 6 months of the calendar year, and (b) whose child is in the custody of one or both parents for more than half of the year. Sec. 152(e)(1). Under this rule, if

the child receives over half his support during the year from his parents, the parent with custody of the child for the greater portion of the year (the "custodial parent") generally is treated as having provided over half of the child's support, regardless of which parent actually provided the support. Id. Under section 152(e)(2) an exception to this special rule exists which may entitle the noncustodial parent to the dependency exemption. For the exception to apply, the custodial parent must sign a written declaration releasing his or her claim to the exemption, and the noncustodial parent must attach the declaration to his or her tax return. Id.

In addition to the exemption under section 151(a), a child tax credit generally is allowed to a taxpayer for each qualifying child of the taxpayer. Sec. 24(a). Among other requirements, a qualifying child is an individual for whom the taxpayer is allowed a dependency exemption under section 151. Sec. 24(c)(1)(A).

Petitioner admitted that he was the noncustodial parent during the taxable year in issue. Because petitioner did not obtain and attach to his 2001 Federal income tax return a Form 8332 or a similar declaration signed by Ms. Kingston releasing her exemption, petitioner is not entitled to the dependency exemption. Secs. 151 and 152.

Petitioner argues that the applicable statute allows him to take an exemption if he proves that he provided over half of the support for Jude.  However, petitioner incorrectly reads the statute.  We note that we do not question whether petitioner complied with the support and child care provisions of the order. To be entitled to claim Jude as a dependent petitioner must obtain the Form 8332 or a similar declaration signed by Ms. Kingston, the custodial parent, and such document must be attached to the return.  Sec. 152(e)(2).

Because petitioner is not entitled to the dependency exemption, he also is not entitled to the child tax credit.  Sec. 24(c)(1)(A).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.